# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David B. Sample, Respondent.

Appellate Case No. 2015-002517

Opinion No. 27605
Submitted January 22, 2016 – Filed February 17, 2016

## DEFINITE SUSPENSION

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

David B. Sample, of Rock Hill, *pro se*.

**PER CURIAM:** In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed nine (9) months with conditions as set forth hereafter. We accept the Agreement and suspend respondent from the practice of law in this state for nine (9) months and impose the conditions as stated in the conclusion of this opinion. The facts, as set forth in the Agreement, are as follows.

### Facts and Law

#### Matter I

Client A filed a complaint against respondent with ODC. ODC mailed a Notice of Investigation to respondent on March 18, 2013, requesting a response to the complaint within fifteen (15) days. When no response was received, respondent

was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), on April 17, 2013, again requesting respondent's response. Respondent's response was received by ODC on April 30, 2013. Ultimately, it was determined that the allegations in the complaint were without merit.

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a) (1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter II

In February 2013, respondent was retained to represent Client B in a child custody matter. Client B paid respondent $1,000.00 of the $3,000.00 initial retainer fee quoted by respondent. Respondent informed Client B that a Guardian Ad Litem (GAL) would be required and that respondent would have a GAL in place when Client B's daughter came to visit. Respondent represents he spoke with one GAL who was unable to serve; however, respondent failed to take any further steps to secure a GAL. At times during the representation, respondent failed to adequately communicate with Client B despite repeated telephone calls, voice messages, and emails. Client B discharged respondent and retained new counsel.

On June 24, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on July 17, 2013, again requesting his response. Respondent's written response to the Notice of Investigation was received by ODC on August 23, 2013.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall abide by client's decisions concerning objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 1.16(d) (upon termination of representation, lawyer shall take steps to protect client's interests);

and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter III

Client C filed a complaint against respondent with ODC. On August 1, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on August 21, 2013, again requesting his response. Respondent's written response to the Notice of Investigation was received by ODC on August 23, 2013. Ultimately, it was determined that the allegations in the complaint were without merit.

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter IV

After a finding of fact by the Resolution of Fee Disputes Board (Board), respondent was ordered to pay $2,500.00 to Clients D. Respondent failed to pay the judgment and a certificate of non-compliance was issued by the Board on July 8, 2013. Respondent paid the ordered amount on October 18, 2013.

On August 29, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on October 23, 2013, again requesting his response. Respondent's written response to the Notice of Investigation was received by ODC on October 30, 2013.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5 (lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses); and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provisions of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of Resolution of Fee Disputes Board).

<u>Matter V</u>

Respondent was retained to represent Client E in a malpractice action. Respondent filed a notice of intent to sue. A mandatory mediation was scheduled and respondent failed to attend the mediation or notify Client E about the mediation. Respondent represents that he did not appear at the mediation because he determined that he could not go forward with the lawsuit as respondent was unable to locate an expert witness who would support Client E's position prior to filing suit. Respondent failed to attend the mediation or notify Client E of the mediation.

On October 7, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on December 2, 2013, again requesting his response. Respondent's written response to the Notice of Investigation was received by ODC on December 9, 2013.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter VI

In May 2011, respondent was retained by Clients F to represent them in a civil action against a contractor. Respondent was paid $6,000.00 for the representation. Respondent failed to adequately communicate with Clients F despite several telephone calls, voice mail messages, and emails. On one occasion, respondent informed Clients F that he had set up a meeting with a special referee. Two days before the scheduled meeting, respondent advised Clients F that he needed to reschedule the meeting. Clients F contacted the special referee and was informed no meeting was scheduled with Clients F or respondent. On July 18, 2013, Clients F mailed respondent a certified letter terminating the representation and requesting a refund of any unused retainer. Respondent failed to respond to the letter and failed to timely refund any unused retainer.

On October 7, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on December 2, 2013, again requesting his response. Respondent's written response to the Notice of Investigation was received by ODC on December 9, 2013.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); and Rule 1.16(d) (upon termination of representation, lawyer shall take steps to protect client's interests, including refunding any unearned fee); Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); and Rule 8.4(e) (lawyer shall not engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter VII

Respondent was retained to represent Client G in a domestic matter and was paid $630.00 for the representation. At times during the representation, respondent failed to adequately communicate with Client G regarding the status of Client G's case and failed to timely return Client G's telephone calls.

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter VIII

A Homeowners Association (HOA) retained respondent to represent it in a lawsuit against the developers of the complex. After the court ruled against the HOA, respondent was instructed to file an appeal of the decision. Respondent filed the appeal on August 20, 2012. Respondent failed to keep the HOA adequately informed regarding the status of the appeal and failed to return telephone calls made by representatives of the HOA. The HOA learned that the appeal had been dismissed after a member of the community contacted the South Carolina Court of Appeals and was informed of the dismissal. Documents from the South Carolina Court of Appeals indicate that the appeal was dismissed due to respondent's failure to serve and file the appellant's initial brief and designation of matter as required by the SCACR and as requested by letter dated March20, 2014, from the South Carolina Court of Appeals.

On April 21, 2014, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on May 14, 2014, again requesting his response. Respondent's written response to the Notice of Investigation was received by ODC on June 9, 2014.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall abide by client's decisions concerning objective of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 3.4(c) (lawyer shall not knowingly disobey obligation under rules of tribunal); Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter IX

After a finding of fact by the Resolution of Fee Disputes Board (Board), respondent was ordered to pay $1,000.00 to Client B as stated in Matter II. Respondent failed to pay the judgment and a certificate of non-compliance was issued by the Board on April 21, 2014.

On May 14, 2014, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on July 7, 2014, again requesting his response. Respondent failed to respond to the Notice of Investigation in spite of the *Treacy* letter. Respondent did appear for an on-the-record interview and gave testimony under oath.

Respondent paid the judgment award to Client B on March 3, 2015.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5 (lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses); Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from

disciplinary authority); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct).

Respondent also admits he has violated the following provisions of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of Resolution of Fee Disputes Board).

Matter X

Client H filed a complaint against respondent with ODC. ODC mailed a Notice of Investigation to respondent on July 18, 2014, requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on August 27, 2014, again requesting respondent's response. Respondent failed to respond to the Notice of Investigation in spite of the *Treacy* letter. Respondent did appear for an on-the-record interview and gave testimony under oath. Ultimately, it was determined that the allegations in the complaint were without merit.

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1)(it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

Matter XI

Respondent represented Client I in a personal injury matter. During the course of the representation, Client I died and burial arrangements were entrusted to the Complainant's funeral home. By letter dated March 16, 2011, respondent agreed to protect the interest of the funeral home and pay any funeral expenses from the proceeds of the settlement. Following the settlement, respondent contacted the funeral home and attempted to negotiate the amount due to the funeral home but the funeral declined the settlement offer. Respondent represents there were not enough proceeds from the settlement to satisfy the funeral home lien, another pre-existing lien, a Medicare lien, and attorney's fees. Respondent disbursed funds to

cover his attorney's fees and paid funds to the personal representative for out-of-pocket expenses related to the Estate of Client I. Respondent represents that the remaining funds are still being held in trust pending negotiation and settlement of the existing liens. Respondent further represents that the relied on South Carolina Ethics Advisory Opinion 91-10 in disbursing funds to the personal representative, but now recognizes that Rule 1.15(e), RPC, governs a lawyer's responsibility regarding the handling of disputed funds.

ODC mailed a Notice of Investigation to respondent on July 18, 2014, requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on August 27, 2014, again requesting respondent's response. Respondent failed to respond to the Notice of Investigation in spite of the *Treacy* letter. Respondent did appear for an on-the-record interview and gave testimony under oath.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(d) (lawyer shall promptly deliver to third person any funds or other property that third person entitled to receive); Rule 1.15(e) (when in course of representation lawyer is in possession of property in which two or more persons claim interests, property shall be kept separate by lawyer until dispute resolved); and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provision of the RLDE: Rule 7(a)(1)(it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Matter XII

After a finding of fact by the Resolution of Fee Disputes Board (Board), respondent was ordered to pay $3,750.00 to Clients F in Matter VI. Respondent failed to pay the judgment and a certificate of non-compliance was issued by the Board on June 30, 2014. Respondent paid the judgment award to Clients F on or about April 1, 2015.

ODC mailed a Notice of Investigation to respondent on August 19, 2014, requesting a response to the complaint within fifteen (15) days. When no response

was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, on October 1, 2014, again requesting respondent's response. Respondent failed to respond to the Notice of Investigation in spite of the *Treacy* letter. Respondent did appear for an on-the-record interview and gave testimony under oath.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5 (lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses); and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority).

Respondent also admits he has violated the following provisions of the RLDE: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of Resolution of Fee Disputes Board).

### Conclusion

We accept the Agreement and suspend respondent from the practice of law for nine (9) months.[1] In addition, we impose the following conditions provided by the parties' Agreement:

1.  respondent shall pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of this opinion;

2.  respondent shall complete the Legal Ethics and Practice Program Ethics School within one (1) year prior to filing any Petition for Reinstatement; and

---

[1] Respondent's prior disciplinary history includes letters of caution issued in 2010 and 2012 warning respondent to adhere to some of the Rules of Professional Conduct cited in the current Agreement. *See* Rule 2(r), RLDE (fact that letter of caution has been issued shall not be considered in subsequent disciplinary proceeding against lawyer unless the caution or warning contained in letter of caution is relevant to the misconduct alleged in new proceedings).

3. for a period of two (2) years from the date of this opinion, respondent shall submit quarterly reports from his medical treatment provider to the Commission regarding his treatment compliance; at the end of the two (2) year period, an investigative panel shall review the filings and may unilaterally extend the quarterly reporting requirements for an additional period of time if it deems it appropriate or necessary.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**